United States District Court
District of New Jersey

| | |
|---|---|
| UNITED STATES OF AMERICA | : HON. MADELINE COX ARLEO |
| v. | : Magistrate No. 09-8188 |
| STEVEN NELSON and JASON EATON | : **CRIMINAL COMPLAINT** |

I, Kevin Song, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about February 11, 2009, in Bergen County, in the District of New Jersey, and elsewhere, defendants Steven Nelson ("NELSON") and Jason Eaton ("EATON") did:

SEE ATTACHMENT A

contrary to Title 18, United States Code, 1029(a)(2) and Title 18, United States Code, Section 2.

I further state that I am a Special Agent with the United States Secret Service and that this complaint is based on the following facts:

SEE ATTACHMENT B

_Kevin Song_
Kevin Song
Special Agent
United States Secret Service

Sworn to before me and subscribed in my presence,

September 23, 2009   at  11:52
Date

Newark, New Jersey
City and State

_signature_
Signature of Judicial Officer

Honorable Madeline Cox Arleo
United States Magistrate Judge

## ATTACHMENT A

knowingly and with the intent to defraud, traffic in and use one or more unauthorized access devices during any one-year period, and by such conduct obtain anything of value aggregating $1,000 or more during that period, contrary to Title 18, United States Code, Section 1029(a)(2).

## ATTACHMENT B

I, Kevin Song, am a Special Agent of the United States Secret Service. Based upon my investigation and my discussions with other individuals involved in this investigation, I have knowledge of the facts presented below. Statements attributed to individuals are in substance and in part.

1. On or about February 11, 2009, law enforcement personnel stopped a white Infiniti ("the Infiniti") driven by defendant EATON. Defendant NELSON was the only passenger in the Infiniti, which was newly registered to an individual named "S.D."

2. Law enforcement personnel arrested defendant EATON, who had outstanding arrest warrants, and who was operating the Infiniti despite the fact that his driver's license was suspended.

3. Defendant EATON told law enforcement personnel that the Infiniti belonged to defendant NELSON. Defendant NELSON told law enforcement personnel that he did not own the Infiniti and was unable provide accurate information regarding the Infiniti's owner.

4. Law enforcement personnel subsequently contacted S.D., the registered owner of the Infiniti, and learned from a family member of S.D.'s that S.D. had been the victim of identity theft, and that an Infiniti automobile valued at approximately $33,000 had been fraudulently purchased in his name. Defendant NELSON was then arrested.

5. At the time of his arrest, defendant EATON had in his possession two counterfeit New York state driver's licenses bearing his photograph and the names "M.B." and "T.J." Defendant EATON also had in his possession three Visa check cards, two in the name of "M.B." and one in the name of "T.J."

6. At the time of his arrest, defendant NELSON possessed a counterfeit New York driver's license in the name of a woman named "L.T.", and a piece of paper bearing the name, address, Social Security Number, and date of birth of a second woman named "G.L.M." Defendant NELSON could not provide law enforcement personnel with a legitimate reason why he would have either of these documents.

7. Subsequent to defendant NELSON's arrest, law enforcement personnel discovered three portable thumb drives ordinarily capable of storing electronic files ("the Thumb Drives") in defendant NELSON's jacket. When asked about the Thumb Drives, Nelson told law enforcement personnel to throw them out.

8. On or about February 20, 2009, law enforcement personnel obtained a search warrant for the electronic contents of the Thumb Drives from the Honorable Harry Carroll, a judge of the Bergen County (New Jersey) Superior Court.

9. The search of the Thumb Drives revealed substantial electronic evidence of identity theft and access device fraud, including: a spreadsheet file containing the names, dates of birth, and Social Security Numbers of approximately 280 different individuals; approximately 40 to 50 images of credit cards and/or credit card numbers; images of approximately 40 New York State driver's licenses in different names, many of which contained photographs of either defendant NELSON or defendant EATON, and other images of driver's licenses in different names that contained photographs of a single person; commercial tax preparation software; Social Security card templates; images of Social Security cards; and images of commercial pay stubs in which names had been electronically altered.

10. On or about February 11, 2009, law enforcement personnel interviewed defendant EATON who stated that he had used credit cards and fraudulent identifications given to him by defendant NELSON to purchase consumer goods, to file fraudulent tax returns, and to cash checks in the names of other persons in total amounts that exceeded $1,000 in the preceding year.

All in violation of 18 U.S.C. § 1029(a)(2).